# CIRCUIT COURT OF LOUDOUN COUNTY

William E. Burgess et al.

v.

Stewart Title Guarantee Co.

August 1, 2004

Case No. (Law) 29730

BY JUDGE THOMAS D. HORNE

Plaintiffs, husband and wife, seek recovery against the defendant based upon an alleged breach of a contract of title insurance. The defendant, a title insurance company, has demurred to the motion for judgment. Both the Owners and Lenders policies, including an undated endorsement, relevant to the claim, have been attached to the amended motion for judgment. Thus, for purposes of deciding the issues raised on demurrer, not only may the Court consider the facts pleaded or otherwise inferred or implied, but also the relevant provisions of the contract documents. *Ward's Equipment v. New Holland North American*, 254 Va. 379 (1997).

Plaintiffs suggest they are entitled to recover based upon the failure of the title policies to correctly identify the property insured. The Owner's policy issued to the plaintiffs on July 16, 1990, describes, in pertinent part, the insured property as follows:

Parcel 1 containing 7.76866 acres of land ... as set forth in a Deed dated June 12, 1976, and recorded in Deed Book 641 at page 708 in the land records of Loudoun County, Virginia. . . .

Parcel 2 containing 4.3465 acres of land, more particularly described in a deed dated April 5, 1982, recorded in Deed Book 81 at page 1552 of said land records, and as shown by plat of J. Horace Jarrett, C.L.S., dated June 25, 1981, which is incorporated by reference and made a part hereof.

A Lender's policy issued on February 1, 2001, originally in favor of the Cambridge Mortgage Corporation, also describes the subject property as consisting of the two parcels, numbers 1 and 2. A subsequent endorsement to

the Lender's policy (Option One Mortgage Corporation) deleted Parcel 2 from the commitment and described the insured property as Parcel 1, containing 7.76866 acres as originally set forth in the earlier Owner's policy and Lender's policies.

At the time of the issuance of the policies described above, the property consisted of one rather than two parcels. The two parcels had been earlier combined through a boundary line adjustment. The deed adjusting the boundary line (Deed Book 81 at page 1552) is referenced in the title policies by reference in the description of Parcel 2 (4.3465 acres). This deed states, in part, the following:

> [t]he land hereby conveyed is adjacent to and contiguous with that certain parcel of land which is owned by the Grantees herein having been conveyed to them by Deed of record in the Clerk's Office of said County in Deed Book 641, Page 708, and this conveyance is made for the purpose of adjusting the boundary lines of said presently owned lands of the Grantees, thus creating a single lot of 12.11516 acres of land.

Plaintiffs contend that as a result of the boundary adjustment, the County of Loudoun has taken the position that the subject twelve acres make up one rather than two parcels. Thus, the property is unmarketable as two parcels as provided for in the owners' title policy. Accordingly, plaintiffs argue that the defendant has breached its contract insuring marketable land, for which breach they are entitled to recover in damages.

Defendant's demurrer raises three issues. First, Stewart Title argues that the allegations in the motion for judgment do not support the claim that the title is unmarketable. Second, it suggests that the reference to the deed adjusting the boundary line adequately provided a legal description consistent with there being but one lot insured under the title policy. Lastly, it asserts that the County's approval of the boundary line adjustment warrants exclusion from coverage by reasons of the terms of the policy, Exclusion 1(a) and (b).

The policy defines "unmarketability of title" as follows:

An alleged or apparent matter affecting the title to land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title.

The instant policy insures against unmarketability of title. Using the definition provided by the policy, the Court, on demurrer, must conclude that the plaintiffs have stated a cause of action for recovery under the policy. In general:

[w]here the insurance is against defects rendering the title unmarketable, there can be no recovery where, as a matter of law, the title is marketable. A difference exists between economic lack of marketability, which relates to physical conditions affecting the use of property, and title marketability, which relates to defects affecting legally recognized rights and incidents of ownership. One can hold perfect title to land that is valueless, and one can have marketable title to land while the land itself is unmarketable.

43 Am. Jur. 2d, *Insurance*, § 528.

In the instant case, the aggregate acreage was insured as two lots where only one existed. The difference in the number of parcels conveyed affects the legal rights of the parties and is not one of mere economic marketability. A statement of the number of lots to be conveyed is a core issue relating to the legally recognized rights of the parties regardless of issues of value or physical properties of the parcels.

At this stage of the proceedings, the Court cannot conclude that the plaintiffs are bound by the description contained in the deed adjusting the boundary line. The policy clearly identifies the lots as two parcels. To the extent that the defendant seeks to hold the plaintiffs to the further reference contained in the description of parcel 2, that issue is not ripe for adjudication on demurrer.

Lastly, the exclusions would not apply to government actions related to the parcels and made prior to the policy date that may have resulted in the creation of one lot out of two. The Court finds itself in agreement with the position taken by counsel for the plaintiffs in his papers that, should the Court accept the position of the defendant that any prior government action affecting the parcels is excluded from coverage, the purpose of title insurance would be eroded.

Accordingly, the demurrer will be overruled. The order should provide that Mr. Oden be given twenty-one days to file such additional responsive pleadings as he may be advised.